UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| JAMES LAWSON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 3:25-cv-00032-GFVT |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| LOWE'S HOME CENTERS, LLC | ) | **& ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on a Motion to Remand to Shelby Circuit Court filed by Plaintiff James H. Lawson. [R. 4.]. For the reasons set forth below, the plaintiff's motion to remand will be granted and the plaintiff's request for costs and fees under 28 U.S.C. § 1447(c) will be denied.

**I**

This matter began on June 26, 2024, when Mr. Lawson brought the present action under the Kentucky Consumer Protection Act (KCPA), for damages related to the purchase of a refrigerator from Defendant Lowe's Home Center LLC. [R. 1-2 at 1-10.] The refrigerator in question, a "Samsung Bespoke Refrigerator," allows the owner to customize the refrigerator's color by changing out removable panels affixed to the front. *Id*. at 3. In his state court Complaint, Mr. Lawson alleges that at the time he purchased the refrigerator from a Lowe's location in Louisville, Kentucky, Lowe's offered a rebate which would allow him to "redeem a new set of eligible Bespoke Refrigerator panels." *Id*. These panels would have allowed Mr. Lawson to replace the stock white panels with his preferred color of "Morning Blue." *Id*. When

Mr. Lawson was unable to successfully redeem the rebate via Lowe's website, he brought this action, alleging that Lowe's refusal to honor the advertised rebate constituted an "unfair, false, misleading, or deceptive act or practice in the conduct of any trade or commerce," in violation of KRS 367.170. *Id.* at 1.  In his Complaint, and in accordance with Kentucky pleading standards, Mr. Lawson stated that he sought actual damages, punitive damages, and attorneys' fees, but without stipulating a precise monetary amount. *Id.*

Lowe's entered a timely answer to Mr. Lawson's complaint on July 22, 2024. On September 4, 2024, Lowe's moved for judgement on the pleadings; discovery was stayed pending resolution of the motion. [R. 1 at 2.]  On May 22, 2025, Judge Melanie Brummer ruled orally from the bench that Lowe's motion for judgement on the pleadings was premature, and discovery began thereafter. *Id.*  Lowe's promptly served upon Mr. Lawson Requests for Admission and Interrogatories, two of which are relevant to the current removal dispute. *Id.* First, Lowe's asked Mr. Lawson to "[a]dmit that your individual damages are limited to $75,000 or less, exclusive of interest and costs." [R. 4-5.]  Mr. Lawson responded: "Admit." *Id.*  Next, Lowe's asked Mr. Lawson to "[a]dmit that you will never ask a jury to award you more than $75,000, inclusive of attorney's fees, but exclusive of interest and costs." *Id.*  In response, Mr. Lawson stated that he "cannot admit or deny" whether he would ever do so because "discovery only just commenced," and "[h]ow this litigation unfolds depends equally on Defendant's conduct and circumstances outside Plaintiff's control."  *Id.*  On this basis, Lowe's filed a Notice of Removal on June 25, 2025, claiming federal jurisdiction on the basis of diversity under 28 U.S.C. § 1332. [R. 1.]

On July 25, 2025, Mr. Lawson moved to remand the case to state court, arguing that Lowe's has failed to adequately demonstrate that the amount-in-controversy requirement of 28

2

U.S.C. § 1332(a) is satisfied. [R. 4.]  Alternatively, Mr. Lawson argues that even if the amount-in-controversy requirement is satisfied, Lowe's removal to federal court was untimely.  Lastly, Mr. Lawson seeks costs and attorney fees pursuant to 28 U.S.C. § 1447(c).

II

Federal courts are courts of limited jurisdiction. Under 28 U.S.C. § 1441(a), an action brought in state court is removable only if it could have been originally brought in federal court. See *Welch v. Progressive Ins. Co.*, 2007 WL 1695431, at *1 (E.D. Ky. Jun. 8, 2007).  A federal court has original diversity jurisdiction where the suit is between citizens of different states, and where the amount in controversy exceeds $75,000.00, exclusive of costs and interests. 28 U.S.C. § 1332(a). Although generally attorney's fees are excluded from the amount-in-controversy calculation, they can be included when "provided for by contract or where a statute mandates or expressly allows the payment of such fees." *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 376-77 (6th Cir. 2007).  If a federal court harbors doubt as to whether federal jurisdiction is present, such doubts should be construed in favor of remanding the case to state court. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941).  Consequently, a defendant seeking removal bears the burden of establishing that the requirements of diversity jurisdiction are present, by a preponderance of the evidence. *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 612 n. 28 (1979); see also *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 155 (6th Cir. 1993).  In the instant case, the defendants have failed to satisfy that burden.

This case, however, presents a wrinkle common among state law cases removed to federal courts in Kentucky. See e.g., *Cole v. Great Atl. & Pac. Tea Co.*, 728 F Supp. 1305, 1308 (E.D. Ky. 1990).  Under Kentucky's Rules of Civil Procedure, a plaintiff is unable to plead an unliquidated amount in controversy with any degree of specificity. Ky. R. Civ. P. 8.01.  Such a

pleading standard obscures the jurisdictional status of the case. Regardless, a defendant still must satisfy their burden of informing the court of the grounds justifying removal. *McNutt v. General Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936). In determining whether jurisdiction is proper, the federal court bears the responsibility of "mak[ing] an independent subject matter jurisdictional determination rather than rely solely on a conclusory assertion of the defendant." *Cole*, 728 F. Supp. at 1308. Where the complaint contains insufficient information to determine the amount-in-controversy, the court must look to the allegations made in the complaint and the notice of removal to seek "specific facts" to establish federal jurisdiction. *Shupe v. Asplundh Tree Expert Co.*, 566 F. App'x 476, 481 (6th Cir. 2014). Mere averments on the part of the removing defendants, however, are insufficient. *King v. Household Finance Corp. II*, 593 F. Supp.2d 958, 960 (E.D. Ky. 2009) (citing *Gafford*, 997 F.2d at 158).

### A

Although Lowe's presents an array of calculations and estimations in an attempt to establish that the amount-in-controversy requirement is satisfied, their efforts come up short. It is important to note, at the outset, that Mr. Lawson seeks minimal compensatory damages – the total value of the refrigerator panels of which he was allegedly deprived is only $430.00. [R. 4 at 1.] Therefore, Lowe's relies almost exclusively on hypothetical calculations of punitive damages and attorney fees to establish the amount-in-controversy.

In an attempt to calculate punitive damages, Lowe's cites to *Burkhead v. Davis*, where the Kentucky Court of Appeals upheld a punitive damages award of 60 times the amount of compensatory damages. 505 S.W.3d 784 (Ky. App. 2016). On that basis – in conjunction with Mr. Lawson's refusal to disaffirm that he would ever seek greater than $75,000 from a jury – Lowe's estimates that the punitive damages claim should be ascribed a value of "approximately

4

$26,000." [R. 1 at 4-5.] Yet, Lowe's reliance on *Burkhead* is misplaced for several reasons. First, and perhaps most importantly, the matter in dispute in *Burkhead* – an action for malicious prosecution – is substantially distinct from a violation of the KCPA. In *Burkhead*, the Court upheld the punitive damages award as constitutional by applying the multi-factor analysis set forth in *BMW of North America Inc. v. Gore. Burkhead*, 505 S.W.3d at 790 (citing *Ragland v. DiGiuro*, 352 S.W.3d 908, 917 (Ky. App. 2010)). This analysis requires a reviewing court to consider "(1) the degree of reprehensibility of the defendant's conduct; (2) the disparity between the actual or potential harm suffered by the plaintiff and the punitive damages award; and (3) the difference between the punitive damages awarded by the jury and the civil penalties authorized or imposed in comparable cases." *Gore*, 517 U.S. 559, 575 (1996). In weighing these "guideposts," the *Burkhead* Court upheld a 60:1 punitive-to-compensatory damages ratio in view of the defendant's "lengthy harassment, nuisance, outrageous conduct, and malicious prosecution" of the plaintiffs, and where the plaintiffs suffered both "economic and noneconomic" harm. *Burkhead*, 505 S.W.3d at 793.

No such harm has befallen Mr. Lawson in the present case, nor does he claim that it has. Rather, the alleged injury under the KCPA stems from a purely economic harm. Furthermore, Lowe's overlooks the fact that "in practice, few awards exceeding a single-digit ratio between punitive and compensatory damages, to a significant degree will satisfy due process." *State Farm Mut. Auto Ins. Co. v. Campbell,* 538 U.S. 408, 425 (2003). A higher ratio may still pass constitutional scrutiny, but only where "a particularly egregious act has resulted in only a small amount of economic damages." *Id*. (citations omitted). And while the Court in *Burkhead* concluded that such special circumstances were present in that case to uphold a punitive damages ratio greater than 10:1, Lowe's has made no attempt to demonstrate that such circumstances are

5

present here. Consequently, the punitive damages figure presented by Lowe's is not only inapposite to the present dispute, but it likely also fails to satisfy due process considerations.

The KCPA permits the Court to grant "reasonable attorney's fees and costs" to the prevailing party; thus, they are properly considered as part of the amount-in-controversy calculation. KRS 367.220(3) ("In any action brought by a person under this section, the court may award, to the prevailing party, in addition to the relief provided in this section, reasonable attorney's fees and costs"). Lowe's estimates with respect to attorney's fees, however, lend themselves to even greater speculation than the punitive damages estimation. As Lowe's aptly observes, it is rather rare for an action brought under the KCPA to be tried to a verdict. [R. 1 at 5.] Nonetheless, Lowe's points to a single award of attorney fees from the Fayette Circuit Court, in which the court awarded attorney's fees in the amount of $73,000 to posit that such an award would be likely in the present suit. See *Paul Miller Ford, Inc. v. Smith*, 2024 WL 2490160 at *4 (Ky. App. May 24, 2024) (upholding the award). Yet, Lowe's overlooks key factual distinctions between the *Paul Miller Ford* case and the present one, not least of which is the fact that the actual damages award in *Paul Miller Ford* was $8,026, a damages figure more than eighteen times the present dispute. *Id*. Merely pointing to a single case in which a Kentucky appellate court upheld an award of attorney's fees does not demonstrate that it is "more likely than not" a roughly equivalent award would be proper in the present case, nor does it adequately demonstrate that the amount-in-controversy requirement is satisfied.

Viewed in totality, Lowe's evidence falls narrowly short of demonstrating, by a preponderance of the evidence, that the amount-in-controversy requirement of 28 U.S.C. § 1332(a) is satisfied. Taken together, and construed in light most favorable to Lowe's, this evidence amounts to "mere averments," insufficient to establish federal jurisdiction. Where, as

here "any doubts regarding federal jurisdiction" are present, the Court must construe such doubts in favor of remanding the case to state court. *Shamrock*, 313 U.S. at 109.  While Lowe's presents a hypothetical scenario where the amount-in-controversy requirement could be satisfied, this does not adequately demonstrate it is "more likely than not," that this case belongs in federal court. Consequently, this Court must remand the action to state court.

### B

Next, Mr. Lawson argues that even if the amount-in-controversy requirement of 28 U.S.C. § 1332(a) is satisfied, Lowe's removal was untimely because the case was not removed within thirty days of the filing of the state court Complaint.  In essence, he argues that Lowe's was equipped with the same information regarding the removability of the case after receiving it supposed "other paper" – in the form of an equivocating response to a Request for Admission – as it had at the time the Complaint was first filed.  Thus, in Mr. Lawson's view, even if the amount-in-controversy requirement were satisfied, Lowe's missed its opportunity to remove the case by failing to do so within thirty days.

We need not reach the question of whether the Defendants' removal was timely under 28 U.S.C. § 1446(b), however, because this court lacks subject matter jurisdiction regardless of when the case was removed.  Put differently, at neither point – either when the state court Complaint was first filed, or at the time Lowe's received Mr. Lawson's response to the Request for Admission – was federal jurisdiction proper.  For the foregoing reasons, at neither point was the amount-in-controversy requirement satisfied.  Consequently, Lowe's removal would have been equally premature immediately following Mr. Lawson's filing of the Complaint in state court as it was upon receiving a response to its Request for Admission.

**C**

Lastly, Mr. Lawson seeks costs and attorney fees related under 28 U.S.C. § 1447(c). Regardless of its determination of whether removal was proper, the Court possesses discretion in awarding costs and fees. *Morris v. Bridgestone/Firestone Inc.*, 985 F.2d 238, 240 (6th Cir. 1993). It is well-settled that a party prevailing on a motion to remand is not presumptively entitled to attorney fees. *Bartholomew v. Collierville*, 409 F.3d 684, 686-87 (6th Cir. 2005). Rather, for a court to impose fees, it must conclude that the removing party lacked an objectively reasonable basis for seeking removal. *Martin v. Franklin Capital Corp.* 546 U.S. 132, 141 (2005); see also *Uffman v. Allstate Prop. & Cas. Ins. Co.*, 2023 WL 2947427 at *3-4 (E.D. Ky. Apr. 14, 2023).

Although this Court finds that Lowe's failed to meet its burden in demonstrating that the amount-in-controversy requirement is satisfied by a preponderance of the evidence, that does not necessarily mean that Lowe's lacked an objectively reasonable basis for seeking removal. On the contrary, Lowe's presented hypothetical calculations for determining the potential amount of punitive damages and attorney's fees. While these estimates, considered alongside Mr. Lawson's equivocating response in the Request for Admission fail to satisfy the amount-in-controversy requirement to establish federal diversity jurisdiction, they still present an "objectively reasonable basis" for seeking removal. This is especially true where, as here, the Kentucky pleading standards obscures the scope of damages a plaintiff seeks. And while Lowe's ultimately came up short in seeking federal jurisdiction, they followed the directive of precedent in engaging in discovery prior to removal to more adequately assess the amount-in-controversy in such circumstances. See e.g., *Arguedas v. Lowe's Home Centers, Inc.*, 2023 WL 98665 at *2 (E.D. Ky. Jan. 4, 2024) ("[t]o determine whether the amount in controversy allows removal to federal court, parties often engage in pre-removal discovery."); Ky. R. Civ. P. 8.01(2)

(contemplating that a party may use interrogatories to "obtain information as to the amount claimed"). Therefore, in light of the foregoing, Mr. Lawson's motion for costs and fees under 28 U.S.C. § 1447(c) must be denied.[1]

### III

Accordingly, the Court being sufficiently advised, it is hereby ORDERED that the Plaintiff's Motion to Remand is **GRANTED**; the Plaintiff's request for costs and fees pursuant to 28 U.S.C. § 1447(c) is **DENIED**.

This the 6th day of October, 2025.

Gregory F. Van Tatenhove
United States District Judge

---

[1] In his Motion to Remand, Mr. Lawson also seeks costs and fees under 28 U.S.C. § 1447(c) on the basis that Lowe's removal was "contrived in bad faith." [R. 4 at 10.] Mr. Lawson's Motion also accuses Lowe's of "uncivil conduct" when it "harassed and berated" Mr. Lawson in seeking responses to Interrogatories and Requests for Admission. *Id*. As *Morris* clarifies, the imposition of costs and fees does not require a court to "make a finding of bad faith, improper purpose, or vexatious or wanton conduct." 985 F.2d at 240. Rather, the nexus of the finding turns on whether the removing party had an "objectively reasonable" basis for seeking removal. *Id*. Because Lowe's possessed an objectively reasonable basis for seeking removal of this case, Mr. Lawson is not entitled to costs and fees under § 1447(c) on this basis.